Nash, C. J.
 

 There is no error. The deputy sheriff had in his hands a writ, issued at the instance of the plaintiff against Thomas Browning, returnable to the Spring Term, 1851, of Ilaywood Superior Court, which writ was returned by him on Thursday of the said term. At the Pall Term of the Court, a judgment
 
 nisi
 
 was rendered against the defendant for the sum of one hundred dollars, for not having returned the writ according to law.
 

 The first objection raised by the defendant cannot be sustained. By 53 sec. of the 31 ch. of the Rev. Stat., it is enacted that,
 
 “
 
 All writs and other civil process, except subpoenas, returnable immediately, shall be returned the first day of the
 
 *535
 
 term to which they are returnable,” &c. By this section it is made imperatively the duty of the officer to return the writ on the day of the term designated, which is in law the return day of the term; and it is as much a neglect of duty on his part not so to return it, as not to return it at all.
 

 As to the second objection; without enquiring into the power of the Court to permit a return on any other day, it is sufficient to say, there is nothing in the record to show, that the return on Thursday was the act of the Court; all that the record shows is, that the writ was returned on that day. The principle of “ rite acta” does not apply.
 

 The third objection is alike untenable. By the 61 sec. of the same Act, it is enacted that, “Every sheriff, &c., who shall fail duly to execute and return all process to him directed, shall be subject to a penalty of one hundred dollars, &e., to he paid to the party grieved by order of the Court, &c., to which the same is returnable, unless the sheriff, &c., can show sufficient cause to the Court for his failure at the Court next succeeding such order.” The Act does not require that the judgment
 
 nisi
 
 shall be rendered at tlie same term to which the writ is returnable, hut
 
 to the Court
 
 to, which it is returnable, and the officer has until the next term succeeding the order, to make his excuse.
 
 Halcombe
 
 v.
 
 Rowland,
 
 8 Ire. R. 240.
 

 Per Curiam.
 

 Judgment affirmed.